. MOORE et al. v. NORRISTOWN TRUST CO.

(Circuit Court of Appeals, Third Circuit. April 22, 1918.)

No. 2330.

REMAINDERS ☞14—SALE OF INTEREST IN REMAINDER—VALIDITY.

Findings that a remainderman, at the time of his sale and conveyance of a limited part of his interest, was mentally competent, that the transaction was at arm's length and in good faith on the part of the purchaser, and the consideration paid not inadequate, and that the conveyance was valid, *held* supported by the evidence.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Suit in equity by Gertrude L. Moore and others against the Norristown Trust Company. Decree for defendant, and complainants appeal. Affirmed.

For opinion below, see 243 Fed. 931.

J. A. Ewing, C. P. Sterner, and Brown & Lloyd, all of Philadelphia, Pa., and Jordan & Williams, of New York City, for appellants.

Simpson, Brown & Williams and Alex Simpson, Jr., all of Philadelphia, Pa., for appellee.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

BUFFINGTON, Circuit Judge. In this case the plaintiffs filed a bill in equity in October, 1914, against the Norristown Trust Company to set aside a deed made to it in July, 1902, by Henry G. Moore. The

deed in question, in consideration of a payment of $90,000 then paid in cash to Moore by the Trust Company, conveyed his interest up to $400,000, in the unsettled estate of his father. The deed was duly acknowledged and recorded in the office of the recorder of deeds in Philadelphia, where the estate was administered. The grantor died September 3, 1913, without seeking to set aside his deed. After his death the plaintiff, Gertrude L. Moore, who was his ancillary administratrix, and the other plaintiffs, who were his trustees in bankruptcy, filed this bill. After answer filed and testimony taken, the judge below, in pursuance of an opinion reported at 243 Fed. 931, reference to which saves a present restatement of the facts, entered a decree dismissing the bill. Thereupon the plaintiffs took this appeal.

The case has had our careful consideration, and we find no error was committed in the entry of the decree complained of. While the record is large, the case finally narrows down to a single question of fact, viz.: The mental capacity of the grantor when the deed was made. No question of fraud or bad faith is involved. There was no trust relation between the parties. While the consideration paid when the deed was made, viz. $90,000, and the amount to be received when the estate was to come into enjoyment, $400,000, would, at first thought, suggest a large profit to the trust company, in point of fact 16 years have passed since the deed was made, and the surviving third life tenant of the estate still keeps the trust company from realizing anything under its deed. It will therefore be seen that, if Moore was competent, the deed simply involved a bargain and sale of an interest in futuro, on the uncertainty of whose enjoyment seller and buyer were equally uncertain. Unless, therefore, Moore was not mentally competent to make the deed it should not be set aside. On this issue, which is wholly one of fact, the court found with the trust company. It would serve no purpose to discuss that evidence in detail, but we may say in general that the record contains such positive evidence of the grantor's mental capacity to manage his own affairs, and such absence of proof of mental incapacity, at or near the time he made this deed, that it would have been error in the court below to have canceled Moore's deed.

Finding no error, the decree below is affirmed.